SHORTESS, Judge.
On October 9, 1978, Michael Allen (decedent) was hit by an automobile and fatally injured while crossing Scenic Highway in Baton Rouge, Louisiana. Patti R. Allen (plaintiff), his surviving widow, brought suit for herself and her minor child to recover damages for his death.
The original defendants were: Walter A. Pace, Jr. (Pace), the driver of the automobile; his insurer, State Farm Mutual Automobile Insurance Company; Exxon Corporation; City of Baton Rouge and Parish of East Baton Rouge (City-Parish); and the State of Louisiana, Department of Transportation and Development (DOTD). Before trial, plaintiff settled with Exxon. During trial, plaintiff settled with Pace and his insurer. The only remaining defendants are City-Parish and DOTD. The trial judge, in his oral reasons for judgment, stated:
“The Court also finds that plaintiff has failed to prove that a defect existed in this highway in its design, in its construction, or in its maintenance. Likewise, there’s no proof that defendants, or either of them, 'have failed to make any of the required studies or inspections. The highway was not ultrahazardous and the defendants did not create, maintain, or allow to exist an unreasonable risk of injury. In the opinion of the Court, the highway was in safe condition.
In regard to the theory of negligence, the Court finds that negligence has not been proven.”
Plaintiff perfected this appeal. The following facts are not in dispute: On October 9, 1978, at approximately 6:30 a.m., decedent, an employee of Exxon Chemical Company, was casually crossing Scenic Highway, a four-lane, north-south traffic artery. He was en route from Exxon’s employee parking lot on the east side of Scenic to a turnstile gate entrance to the Exxon plant on the west side of Scenic, to begin his day’s work. He was carrying a notebook containing homework papers; he was an apprentice electrician enrolled in a two-year Exxon apprentice program. As he crossed the highway, he dropped his notebook or some papers from it. After reaching the center median he turned around and returned to approximately the middle of the two northbound lanes and stooped down in the highway with his back to oncoming traffic to retrieve his papers. While in a stooped position, he was struck and killed by an automobile driven by Pace. Pace had been traveling in the eastern-most lane of the northbound traffic on Scenic Highway, “looking ahead and to the side” for a parking space.
Prior to this accident, DOTD had entered into a contract with City-Parish which required City-Parish to perform traffic engineering work for DOTD. At Exxon’s request, the City-Parish traffic engineering staff made a study of the crossing site and concluded that:
“... the only type of device that would work in this situation would be some type of pedestrian overpass that would terminate within the Exxon fence line.”
Robert Canfield, Transportation Coordinator for City-Parish, testified that a traffic control device such as a push-button light controlled by the pedestrian would not reduce accidents at this crossing. Canfield also felt that the volume of pedestrian traffic at this crossing did not justify a signal. All of the City-Parish recommendations required certain actions by Exxon.
Plaintiff says that the trial court was clearly erroneous in (1) failing to find that DOTD and City-Parish were liable under either a theory of strict liability or negligence due to insufficient warning and lighting on Scenic Highway, and (2) finding the pedestrian guilty of acts constituting victim fault or contributory negligence.
*400 DOTD has the duty to maintain state highways in such condition that they will be safe for the ordinary motorist using reasonable care under the circumstances. LSA-R.S. 32:2; Von Cannon v. State, Department of Highways, 306 So.2d 437 (La. App.3d Cir.1975), writ denied, 309 So.2d 681, 682 (La.1975). The duty of maintaining the highway in a safe condition includes the duty of providing proper safeguards or giving adequate warnings of dangerous conditions in the highway and is applicable to pedestrians as well as to travelers in vehicles. Rosier v. State, 50 So.2d 31 (La.App.2d Cir.1951).
Warnings should be sufficient to alert the ordinary, reasonable motorist. Von Cannon, supra. However, warnings need not be maintained at places on the highway which do not present extraordinary conditions or unusual hazards. Rosier, supra. In addition, the municipality has an obligation to maintain and operate the lighting system after such system has been completed and accepted. LSA-R.S. 33:3659.
DOTD is not responsible for every accident which may occur on the state highways, nor is it a guarantor of the safety of travelers thereon, or an insurer against all injury which may result from obstructions or defects in such highways. Usry v. Louisiana Dept. of Highways, 402 So.2d 240 (La.App.4th Cir.1981), writ denied, 404 So.2d 1259 (La.1981).
A causal relationship must exist between the alleged wrongful conduct and the resulting harm before liability can attach. Mixon v. Allstate Insurance Company, 300 So.2d 232 (La.App.2d Cir.1974), writ denied, 303 So.2d 179 (La.1974). In order for negligent conduct to be a cause-in-fact of harm to another, it must be a substantial factor in bringing about that harm. Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). After a careful review of the entire record, we conclude that the accident was not causally related to any act or omission on the part of City-Parish or DOTD, sounding in strict liability (C.C. Art. 2317) or in negligence (C.C.art. 2315).
First, the alleged lack of lighting did not play a substantial part in bringing about the accident. Officer Glynn Verrett who investigated the accident stated that most of the street lights on Scenic Highway were working. He said, however, that he had difficulty seeing as he came upon the accident site. He also testified that one of the street lights was out, but he could not remember which light was not functioning. Additionally, Eric Plauche, an Exxon employee, witnessed the accident. He was 50 to 60 feet from decedent when the accident occurred, yet was able to see the entire scenario as it occurred. This factual dispute was resolved against plaintiff. We cannot say the trial court was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Second, no evidence was offered to refute Canfield’s testimony that push-button lights would not have prevented this accident. His reasoning was that:
“... (i)n this particular case, the man went half way across the street, dropped some material, returned to pick that material up. Now, I don’t know how long it would have taken him to go there and do that, that signal could’ve returned green for Scenic Highway at that time.”
Although plaintiff urges that additional warning such as flashers or a reflectorized crosswalk should have been installed, nothing in this record warrants a conclusion that this accident would not have occurred had same been present.
We agree with the trial court that plaintiff failed to prove that a defect existed in this highway. The lack of lighting or warning played no substantial part in bringing about the accident. This accident appears to have been caused solely by the acts and omissions of decedent and Pace. Decedent had been working at Exxon since 1976 and should have been familiar with the crossing and with the traffic. Nevertheless, he stooped down with his back to oncoming traffic to retrieve his papers. Furthermore, Pace was inattentive and failed to maintain *401 a proper lookout. Officer Verrett testified that the Pace vehicle did not leave skid marks until after it struck decedent. In deposition, Pace stated that before the accident occurred, he was looking for a place to park.
Based on the aforesaid facts, we agree that this tragic accident was more likely than not caused by the negligence and inattention of Allen and Pace. Both were familiar with the area and with the fact that Scenic Highway was a busy highway and that Exxon workers crossed the highway in front of the plant. See Wall v. American Emp. Ins. Co., 377 So.2d 369 (La.App.2d Cir.1979), affirmed, 386 So.2d 79 (La.1980). However, neither exercised the care required under the circumstances. Our fundamental conclusion is that even if inadequate warning or lighting existed (which we have not found), such inadequacy was not a substantial cause of the accident under C.C. art. 2315 or C.C. art. 2317.
The decision of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.