GULOTTA, Judge.
United Credit Plan of New Orleans, Inc., United Companies, Inc., and United Companies Life Insurance Co., (herein after designated as United) appeal from a judgment in favor of plaintiff in the sum of $1,017.37, representing life insurance proceeds covering the balance owed on furniture purchased from Cavaretta’s Inc. by Clinton A. Lauman. We affirm.
Because the furniture was purchased by Mrs. Lauman and the certificate of life insurance was in her name, United claims the trial judge erred in finding the deceased *568 Mr. Lauman was the insured. United further claims the trial judge erred in allowing parol evidence to vary the terms of the written certificate of insurance.
Considering United’s contentions in reverse order, we conclude the trial judge properly considered other documentary evidence and parol evidence on the question of the identity of the insured. In the first place, no objection was made at any time during trial to the introduction of the evidence, and thus the objection was waived. See Taunton v. Cane Air, Inc., 405 So.2d 624 (La.App. 3rd Cir.1981); Wade v. Joffrion, 387 So.2d 1265 (La.App. 1st Cir.1980). Furthermore, ambiguity in the purported certificate of insurance regarding the name of the insured supports the trial court’s determination to allow parol evidence. See Dixie Campers, Inc. v. Vesely Co., 398 So.2d 1087 (La.1981); White v. Dimmer & Garrett, Inc., 340 So.2d 283 (La.1976); Texhoma Contractors v. So. Shipbldg. Corp., 337 So.2d 584 (La.App. 4th Cir.1976).
In this connection, Mrs. Lauman testified that she had not received any certificate of insurance or any insurance policy from United. Although a copy of a certificate of insurance introduced into evidence is apparently addressed to “Mrs. Clinton Lauman” at her residence, the type setting of the name in the box on the form for the “insured debtor” raises a question whether “Mrs.” was placed in the box at the same time as the name “Clinton Lauman”.[1] Under the circumstances, we find no error.
The primary question is whether the trial judge properly concluded the furniture was purchased by the decedent Clinton A. Lauman and the certificate of insurance covered him and not his wife.
On December 5, 1979, Mrs. Clinton Lau-man and her daughter Rita selected bedroom furniture from Cavaretta’s store. According to Rita, her mother filled out the credit application and explained to United’s representative at the store that she was not employed and that the account was to be in Mr. Lauman’s name. The representative then took credit information on the father. Rita testified her mother informed the representative that she always purchased under her husband’s name because she had never been employed and could not buy “on her own”. Rita further stated that insurance was not discussed or requested and that her mother first learned of the coverage when she received a payment book from United with the amount filled in for health and life insurance. It was Rita’s understanding that the credit was applied for and granted in the name of her father. Mr. Lauman was not present when the furniture was purchased and the credit arrangements made. He did not sign the promissory note.
Mrs. Lauman’s explanation of the circumstances and conversations during the credit arrangements corroborated the testimony of her daughter. Mrs. Lauman stated the account was opened at Cavaretta’s in her husband’s name and that subsequently a coupon book in the name of Clinton Lau-man was mailed from United Credit Company. She testified that her income was only $85.00 per month from a pension at the time of the purchase and that she could not obtain credit in her name.
According to Mrs. Lauman, her husband later received a letter addressed to. him from United Credit advising that the account had been opened in his name. The undated letter, signed by United’s manager, Ed Andrews, on United Credit Plan stationery, begins “Dear Customer: Clinton Lau-man”, and informs Mr. Lauman of the amount of the loan and the due date of the first installment. Another letter from United’s credit manager on a United Credit Plan letterhead was also introduced into evidence. It is addressed “Dear Mr. Lau-man” and advises him that he is deliquent in his payments.
*569 United’s sale and chattel mortgage form signed by Mrs. Lauman indicates the furniture was sold and delivered to Mrs. Clinton Lauman, and bears her signature under the statement, “I desire credit life property insurance coverage.” Mrs. Lauman testified, however, that she filled out no documents, and only signed where instructed. She paid premiums to United for coverage.
Significantly, United’s completed “Loan Application” form, also in evidence, lists “Clinton A. Lauman” as the “Applicant”. His “Employment” is listed as “Retired State Policeman”. Under “Give Sources of Other Income” is written “Social Security him & her”. Under “Spouse’s Name” is written Mrs. Lauman’s first name in a section of the application “To be completed in the event that the applicant’s spouse is jointly applying for credit or in the event that the applicant is relying on the spouse’s income or property as a basis of repayment”.
Ed Andrews, United’s representative at Cavaretta’s who made the credit arrangements, contradicted the testimony of Mrs. Lauman and her daughter. He stated that on December 5 he had discussed with Mrs. Lauman the annual percentage rate and the insurance premium to be included in the finance charge. According to Andrews, Mrs. Lauman asked no questions and signed the documents at the places indicated. Andrews further pointed out that Mrs. Lau-man’s birth date, not her husband’s, appears on the documents. Finally, Andrews explained the documents designate Clinton Lauman and not Mrs. Lauman because United’s computer does not accept the words “Dr., Mr. or Mrs.” He further explained that he did not use Mrs. Lauman’s first name, though the computer would have accepted it, because plaintiff had requested the account be in the name of “Mrs. Clinton Lauman”.
In oral reasons, the trial judge stated: “The court is of the opinion after listening to the evidence that no certificate of insurance was issued at the time of the taking out of the loan and that the parties were under the impression that there was a loan on behalf of the father and that nothing in the record indicates insurance was issued to Mrs. Lauman and the only indication is one piece of evidence which tends to support the fact that it was issued in the name of Mr. Lau-man. ...”
Based on this credibility determination by the trial judge and on the documents introduced into evidence, we find no error in the trial court’s judgment. Accordingly, the judgment is affirmed.
AFFIRMED.

. The typesetting on the certificate of insurance appears as follows:
INSURED DEBTOR # 1 (Full Name and Address)
Mrs. Clinton Lauman
720 Brooklyn Ave.
Algiers, La. 70114