498 So.2d 58 (1986)
Gayle M. HARRIGAN
v.
Chester FREEMAN, Northside Auto and Truck Co. and General Accident Insurance Co.
No. 85 CA 0752.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
Rehearing Denied December 10, 1986.
*60 Hugh Uhalt & Gothard Reck, New Orleans, for plaintiff.
Tom Matheny, Hammond, for defendants.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
This is a suit for damages arising out of an automobile accident.

FACTS
On April 22, 1983, plaintiff, Gayle M. Harrigan was a passenger in her own automobile, which at the time was being driven by Stanley Rubioe. While stopped for a red light, the two were allegedly hit from behind by Chester Freeman, an employee of the alleged owner of the truck, Northside Auto & Truck Company (Northside). At the time of the accident, Northside had a liability insurance policy with General Accident Insurance Company (General Accident) covering the Northside truck. As a result of this accident, plaintiff sustained serious injury to her lower back.
Plaintiff filed suit for damages on September 15, 1983, against Freeman, Northside and General Accident. Plaintiff alleged that the sole and proximate cause of the accident was the negligence of Northside's employee, Chester Freeman, who at the time of the alleged accident was operating the truck within the course and scope of his employment.
Defendants answered the petition admitting only that a policy of liability insurance issued by General Accident to Northside was in effect at the time of the alleged accident. The defendants denied all other substantive allegations, including the fact that one of Northside's trucks was involved in the accident. On October 29 and 30, 1984, the case was tried before a jury, which returned a verdict of $170,900.00 in favor of the plaintiff and against defendants. At a subsequent hearing on the issue of expert witnesses's fees, a judgment was rendered in favor of plaintiff and against defendants for $3,781.04.
From the jury verdict, defendants appeal assigning the following errors:
1. The jury erred in finding that the plaintiff proved by a preponderance of the evidence that there was an accident; and that the accident involved these defendants.
2. Alternatively, the jury erred in finding that the plaintiff proved by preponderance of the evidence that the alleged accident caused the particular injuries and was responsible for their severity.
Plaintiff answered the appeal seeking an increase in the award of damages, plus damages for frivolous appeal.

DEFENDANTS' ASSIGNMENT OF ERROR NO. 1
Defendants contend that the jury erred in finding that there was an accident and that these named defendants were involved in that accident. Defendants reason that plaintiff failed to meet her burden of proving that a vehicle owned by Northside or driven by a Northside employee was involved in an accident on April 22, 1983.
The elements of a cause of action in tort under LSA-C.C. art. 2315 are fault, causation and damages. Weiland v. King, 281 So.2d 688 (La.1973). In tort, as in other civil cases, a plaintiff bears the burden of proving every element of his or her claim to a legal certainty and by a preponderance of the evidence. Mere possibilities or unsupported probabilities are insufficient to support a judgment. Stewart v. Hanover Insurance Company, 416 So.2d 286 (La.App. 3rd Cir.1982), writ denied, 421 So.2d 907 (La.1982). See also Fallon *61 v. Dorsett, 344 So.2d 434 (La.App. 1st Cir. 1977). This burden may be met by either direct or circumstantial evidence. Weber v. Fidelity & Casualty Insurance Company of New York, 259 La. 599, 250 So.2d 754 (1971). Proof by a "preponderance of the evidence" exists when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982); Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
The burden is on the plaintiff to initially establish a prima facie case, and the failure to establish such a case defeats his cause of action. Edelman Systems, Incorporated v. Capitol GMC, Incorporated, 345 So.2d 99 (La.App. 1st Cir.1977), writ refused, 347 So.2d 250 (La.1977). Prima facie evidence is evidence sufficient to establish a given fact, which if not rebutted or contradicted will remain sufficient. State ex rel. Dupas v. City of New Orleans, 240 La. 820, 125 So.2d 375 (1960); Ciolino v. Castiglia, 446 So.2d 1366 (La. App. 1st Cir.1984).
Once a prima facie case has been established by the plaintiff by a preponderance of the evidence, the burden shifts to the defendant. Jordan v. Travelers Insurance Company, supra; Edelman Systems, Incorporated v. Capitol GMC, Incorporated, supra.
In the case sub judice, the evidence introduced by plaintiff to establish fault and causation consisted of: (1) plaintiff's uncontradicted testimony that her car was hit from behind at a red light by a large white flatbed truck carrying two smashed-up automobiles; (2) plaintiff's uncontradicted testimony that she was contacted by telephone by a woman called Dori Meyers, a claims adjuster for General Accident, who took her statement about the accident and had the damage to plaintiff's car appraised; and (3) an appraisal form listing the damage to plaintiff's car and the estimated cost of repair. This appraisal form, dated May 9, 1983, lists Northside as the assured, General Accident as the insurance company, and Dori Meyers as the adjuster. Further, no objection was made as to the admission of this documentary evidence.
Failure to object to hearsay or secondary evidence when admitted at trial constitutes a waiver of right to object to its admissibility and such evidence may then be considered and given probative effect. Taunton v. Cane Air, Inc., 405 So.2d 624 (La.App. 3rd Cir. 1981). Furthermore, uncontradicted hearsay testimony of a single witness admitted without objection may be considered and given probative value. Coleman v. Victor, 326 So.2d 344 (La. 1976); Gray v. Great American Indemnity Company, 121 So.2d 381 (La.App. 1st Cir.1960). The same rule applies to documentary evidence received without objection concerning the identity of the defendants. Lauman v. Cavaretta's, Inc., 427 So.2d 567 (La.App. 4th Cir.1983); Taunton v. Cane Air, Inc., supra; Wade v. Joffrion, 387 So.2d 1265 (La.App. 1st Cir. 1980).
Thus, plaintiff made a prima facie showing that the tortious conduct complained of was imputable to the fault of these particular defendants.
Defendants further contend that the rule of adverse presumption for failure to call Stanley Ruboie, the driver of plaintiff's vehicle at the time of the accident, is applicable. Defendants reason that, if this presumption is applied, plaintiff has failed to prove by a preponderance of the evidence the threshold requirement that the tortious conduct complained of was imputable to the negligence of these particular defendants.
The failure of a party to call a witness, who possesses knowledge of facts pertinent to the case and whose absence is not satisfactorily explained, results in an inference that the witness's testimony would be adverse. Succession of Lyons, 452 So.2d 1161 (La.1984); Howard v. Housing Authority of New Orleans, 457 So.2d 834 (La.App. 1st Cir.1984). However, this rule must be tempered by the proposition *62 that a party to a lawsuit needs only to prove his case. If he does so by calling one or more witnesses to testify concerning an issue, he should not be penalized because he fails to call still another witness on the subject. Sauve Heirs, Inc. v. Reynaud Construction Co., Inc., 441 So.2d 239 (La. App. 4th Cir.1983); Paul v. Ford Motor Company, 392 So.2d 704 (La.App. 3rd Cir. 1980). And once a plaintiff has made out a prima facie case, the opposing party should not be allowed to take no action to produce a witness to a transaction and use that witness's absence as mute refutation of the testimony of the witness who did testify. Sauve Heirs, Inc. v. Reynaud Construction Co., Inc., supra. Clearly, having made a prima facie showing, through her own testimony corroborated by documentary evidence, plaintiff's failure to call a second witness should not raise any adverse inference.
Further, defendants did not call any witness to the accident, including Chester Freeman the driver of the Northside truck or any other witness who possessed knowledge of pertinent facts, to rebut or contradict plaintiff's prima facie showing that the negligence of the driver of the vehicle caused the accident.
Therefore, in the case sub judice, although the only evidence presented to establish fault was plaintiff's uncontradicted testimony corroborated by documentary proof, admitted without objection, the jury determined that plaintiff established the fault of defendant by a preponderance of the evidence. In light of the applicable legal presumptions and inferences and the facts of the instant case, we find that the proof was sufficient to establish defendant's fault and that the jury's factual findings were not manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973).

DEFENDANTS' ASSIGNMENT OF ERROR NO. 2
Defendants contend that the jury erred in finding that the plaintiff proved by a preponderance of the evidence that the accident caused these particular injuries and that the injuries caused by the accident are as severe as plaintiff contends. Defendants reason that the plaintiff had been involved in numerous accidents prior to the one which gave rise to the present case and that the injuries she alleges she incurred as a result of this accident were caused by one of her previous accidents and were not a result of the accident with defendants.
A causal relationship must exist between the alleged wrongful conduct and the resulting harm before liability can attach. Allen v. State Farm Mutual Insurance Company, 421 So.2d 398 (La.App. 1st Cir.1982); Mixon v. Allstate Insurance Company, 300 So.2d 232 (La.App. 2nd Cir. 1974), writ denied, 303 So.2d 179 (La.1974). In order for negligent conduct to be a cause-in-fact of harm to another, it must be a substantial factor in bringing about that harm. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
Plaintiff's burden is to prove causation by a preponderance of the evidence. Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proven is more probable than not. Rawls v. Morris, 470 So.2d 531 (La.App. 1st Cir. 1985); Lucido v. Aetna Life and Casualty Company, 411 So.2d 608 (La.App. 1st Cir. 1982).
Before recovery can be granted for aggravation of a pre-existing condition, a causative link between the accident and the victim's current status must be established. Jefferson v. Landwehr, 409 So.2d 351 (La. App. 1st Cir.1981), writ denied, 413 So.2d 498 (La.1982); Bates v. Garrett Marine Supply, Inc., 368 So.2d 1171 (La.App. 3rd Cir.1979).
Causation is a question of fact as to which the trial court's determination as a trier of fact is entitled to great weight, and the determination cannot be disturbed absent manifest error. Boudreaux v. Terrebonne *63 Parish Police Jury, 477 So.2d 1235 (La.App. 1st Cir.1985); McSweeney v. Department of Transportation and Development of Louisiana, 442 So.2d 659 (La.App. 1st Cir.1983).
Thus, our review of the present case is limited to an examination of whether the jury's findings that this accident caused the plaintiff's injuries were manifestly erroneous.
In the case sub judice, plaintiff testified that in 1973 she was involved in an automobile accident and, as a result of the accident, underwent surgery on her lower back. She testified, however, that she had completely recovered from this injury several years prior to the automobile accident with defendants on April 23, 1983. After her recovery, plaintiff had resumed her employment at a job which required stooping, bending and lifting and that, while engaged in this employment, she was pain-free. Plaintiff had also been able to resume pleasurable activities like horseback riding, fishing and hunting without pain or medication.
Plaintiff further testified that, during employment in 1982, she sustained an injury to her hand and had received medical treatment for the injury. She, however, denied that she was suffering from back pain in 1982.
As a result of the April 22, 1983, automobile accident, plaintiff testified that she was taken to Highland Park Memorial Hospital where she was treated for injuries to her neck and lower back. She testified that the doctor who treated her at the hospital advised her to see a neurosurgeon. On April 29, 1983, plaintiff testified that she went to Dr. Raeburn Llewellyn, a neurosurgeon, with complaints of pain in her neck and lower back. Dr. Llewellyn examined plaintiff, treated her conservatively and told plaintiff she had reinjured her lower back.
Plaintiff testified that the pain got progressively worse and that she saw Dr. Llewellyn again in the end of May with complaints of numbness in her legs and muscle spasm, numbness and tingling in her left buttock. Thereafter, she was admitted to Pendleton Memorial Methodist Hospital for tests, which included a CAT scan and another extremely painful test.
Dr. Llewellyn continued to treat plaintiff conservatively until he suggested disc surgery, which plaintiff underwent at Hotel Dieu.
Plaintiff further testified that she was treated by Dr. Steven Taylor, a psychiatrist, who assisted plaintiff in coping with her ordeal.
Plaintiff testified that since her lower back surgery in 1983 she has continued to receive treatment from Drs. Llewellyn and Taylor, but despite their assistance, she continues to suffer much pain. She was hospitalized again in December, 1983, and may require surgery in the future. She has been unable to return to work, is unable to engage in pleasurable activities and is in continuous and severe pain.
Plaintiff's testimony as to the cause of her injury was corroborated by the testimony of Dr. Llewellyn who testified as follows:
Q. Now, Dr. Llewellyn, based on your clinical examination of Gayle Harrigan together with the x-rays that she brought from the Hamilton (sic) emergency room for you to see, were you able to make a diagnosis of the medical problems that she was having?
A. I was convinced on the basis of her history and her office findings that she had experienced a rather severe sprain of the muscles and ligaments and joints in the neck area and that she had experienced reinjury of her low back problem or condition.
Q. Now, Dr. Llewellyn, based on the history that she gave to you about the automobile smash-up that occurred seven days prior to your examination, did you have an opinion then as to the cause of her complaints and the reinjury especially to her lumbar spine?

*64 A. This has been caused by the trauma, her injury, that she experienced in the motor vehicle accident, yes.
Q. And this was the automotive truck collision that she told you about seven days prior to that?
A. Yes, sir.
Dr. Llewellyn further testified that plaintiff had recovered from her previous back injury and that she was asymptomatic at the time she was involved in the collision with defendants on April 22, 1983. Dr. Llewellyn opined that plaintiff's current back injury and the newly formed lumbar disc herniation was the result of the rear-end collision with defendants.
Dr. Steve Taylor, the psychiatrist who treated plaintiff, testified that plaintiff's current depression is a result of the pain she suffers as a result of her automobile accident.
The finder of fact, be it judge or jury, should assess the credibility of witnesses, expert or lay, to determine the most credible and realistic evidence. Holmes v. Southeastern Fidelity Insurance Company, 422 So.2d 1200 (La.App. 1st Cir.1982), writs denied 429 So.2d 133 (La.1983); Guidry v. Davis, 382 So.2d 250 (La.App. 3rd Cir.1980). In reaching conclusions, the finder of fact need not accept all of the testimony of any witness as being true or false and may believe and accept any part or parts of a witness's testimony and refuse to accept any other part or parts thereof.
It is well settled in Louisiana that the trial court's findings of fact are entitled to great weight, and we may not substitute our own evaluations and inferences for the reasonable evaluations and inferences of the trial court, unless those conclusions are clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Berthelot v. Imes, 459 So.2d 1384 (La.App. 1st Cir.1984); Abadie v. Morales, 391 So.2d 974 (La.App. 4th Cir.1980).
After a thorough review of the record, we find that the jury was not manifestly erroneous in finding that plaintiff's injuries, both physical and mental, were caused by defendants' negligence.

PLAINTIFF'S ANSWER TO THE APPEAL
In her answer to the appeal, plaintiff seeks an increase in the award of damages and damages for frivolous appeal. Plaintiff contends that the jury erred in not awarding damages for residual disability. Plaintiff, however, did not brief her request for damages for frivolous appeal, which is, therefore, considered as abandoned. Uniform Rules, Court of Appeal, Rule 2-12.4.
Under LSA-C.C. art. 1934(3), now LSA-C.C. art. 1999, the quantum of damages for offenses and quasi-offenses are within the discretion of the trial court. Where a legal right to recover exists, but the damages cannot be exactly estimated, the trial court has reasonable discretion to assess such damages based on the facts and circumstances of the case. Berthelot v. Imes, supra; National Roofing and Siding Company, Inc. v. Gulf Coast Oil Company of Mississippi, Inc., 422 So.2d 204 (La.App. 4th Cir.1982).
Before a reviewing court can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); Freeman v. Harold Dickey Transport, Inc., 467 So.2d 194 (La.App. 3rd Cir.1985). We must look first, not to prior awards, but to the individual circumstances of the present case. If we find that the trial court abused its much discretion, we are required to raise or reduce the award only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
In the instant case, the jury awarded plaintiff the following damages:

a. Pain & Suffering $ 60,000.00
b. Loss of past wages 14,000.00
c. Loss of future earning
 capacity 14,000.00
d. Mental anguish 40,000.00

*65
e. Damage to car 2,900.00
f. Past medical expenses 20,000.00
g. Future medical expenses 20,000.00
h. Residual disability -0-
 ____________
 TOTAL $ 170,000.00

Plaintiff, in answer to her appeal, however, questions only the jury's failure to award damages for residual disability.
The only evidence of residual anatomical disability was the testimony of Dr. Raeburn Llewellyn. Dr. Llewellyn testified that, in his opinion, plaintiff suffered a fifteen percent anatomical disability as a result of the disc surgery. However, on cross-examination, Dr. Llewellyn testified as to the time and contents of a letter he had written to plaintiff's attorney as follows:
Q. Doctor, I have a letter apparently to you from Mr. Uhalt undated in reference to Gayle Harrigan. Can you identify what point and time that letter was written?
A. The letter describing the post-decompressant laminectomy status of L4 and L5 with a hundred percent functional disability for the next four months from August 4 to December and I am hopeful at that time it would revert to zero percent as to a bench trade. There is no date, but there is a reference to the fact she is postoperative which would have to put it after August and that she was  for the next four months would remain a hundred percent disabled, so I would place that as being sometime between August of '83 and December of '83.
Q. And you are indicating there it would be hopeful her disability, functional disability, would revert to zero percent as to a bench type trade. What do you mean by that, Doctor?
A. This is a job environment that permits or requires a person to alternately sit and stand, certainly at hourly intervals, occasionally to bend or lift five pounds or less and requires driving to and from work. This is the hope for eight out of ten chances that I expressed that she could hopefully get eighty-five percent comfortable doing eighty-five percent of what she wished to do which would include bench type trade.
After weighing and evaluating all of this evidence, a jury is free to accept or reject the opinion expressed by experts. Lanus v. Gulf Wandes Corporation, 470 So.2d 492 (La.App. 1st Cir.1985); Guidry v. Davis, supra. While we do not have the benefit of any explanation as to how the jury arrived at the specific damage awards, we can only conclude that the jury did not accept the entirety of the opinions expressed by plaintiff's experts. Although Dr. Seymour Goodman testified that plaintiff suffered lost future wages of between $126,846.16 and $213,347.29, the jury only awarded plaintiff future lost wages for 1½ years or $14,000.00. The jury, in refusing to award damages for residual disability, obviously determined that plaintiff did not sustain any permanent residual damages as a result of this accident or that plaintiff would fully recover from her injury.
After a thorough review of the record, we cannot say that the jury's finding that plaintiff did not sustain any residual disability is manifestly erroneous.

CONCLUSION
For the above reasons, the trial court judgment is affirmed. Costs of this appeal are assessed against defendants.
AFFIRMED.