526 So.2d 1237 (1988)
Tony RICHARD, Individually & as Admin., etc., Plaintiffs-Appellees,
v.
STATE of Louisiana, DEPARTMENT OF HEALTH AND HUMAN RESOURCES, etc., Defendants-Appellants.
No. 87-174.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
*1238 Edward J. Milligan, Jr., Lafayette, for plaintiffs-appellees.
Pugh & Boudreaux, James R. Shelton, Lafayette, for defendants-appellants.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
This medical malpractice action was filed against the State of Louisiana by the father of a three year old child, Carroll James Richard, who underwent a circumcision at University Medical Center in Lafayette on February 3, 1984. Doctors Jonathan Ray and Frederico Gonzales, residents at the Medical Center at that time, performed the circumcision. The Medical Center is operated by the State of Louisiana, through the Department of Health and Human Resources. With the State admitting to vicarious liability, based on the negligence of the doctors, the trial court awarded the father $2,305.44 in special damages, and $20,000 in general damages, for and on behalf of the minor, for the pain and suffering directly related to the erroneous incision. The State appeals contending the general damages award was excessive. We find the award of $20,000 is not excessive. We affirm.
The three year old boy was admitted to the Medical Center on February 2, 1984 and a circumcision was performed the next day. The physicians performing the surgery made the initial incision on the penis too low, and after cutting three quarters the way round, realized their error and sutured that incision. A second incision was then made in the proper location on the penis and the circumcision was completed.
Following the circumcision, a significant amount of swelling and discoloration resulted. The child remained in the hospital until February 5, 1984, at which time he was transferred to Charity Hospital in New Orleans where he was put under the care of Dr. William Larosa, a pediatric urology resident. Due to the swelling and discoloration of the penis, the boy spent a total of 12 days at Charity Hospital in New Orleans before he was discharged on February 17, 1984.
Following the latter discharge the child was seen on several occasions by Dr. Edwin Harmon, a pediatric urologist in Lafayette, and by Dr. Vildibill, another urologist in Lafayette.
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the case before it. Reck v. Stevens, 373 So.2d 498 (La.1979). The facts in this case are not in dispute. There should be no doubt that Carroll James Richard suffered frightening pain and unhappiness from two incisions on his penis, numerous examinations and treatment, and over two weeks of hospitalization in strange places.
Where a legal right to recover exists, but damages cannot be exactly estimated, the trial court has reasonable discretion to assess such damages based on the facts and circumstances of the case. Harrigan v. Freeman, 498 So.2d 58 (La. App. 1st Cir.1986).
Although the trier of fact found no functional disability resulted, due to the intimate and delicate nature of the anatomy involved, the surgical procedure performed, the age of the child, and the mental effect of such a frightening ordeal, this court finds that an award of $20,000 is not an abuse of discretion.
For these reasons the judgment is affirmed. The State shall pay costs below and on appeal totalling $1,208.35.
AFFIRMED.