JaWATKINS, Judge.
This is an appeal by defendant Wal-Mart Stores, Inc., from a judgment in favor of plaintiff, Arabella Domangue, in a slip and fall case. We affirm.
The trial court provided written reasons for judgment, which we quote in pertinent part:[2]
On Feb. 5, 1992, plaintiff Arabella Do-mangue, 37, slipped and fell while shopping at a Wal-Mart store in Houma.
[[Image here]]
*780 At issue is whether the store had actual or constructive notice of the foreign substance on the floor. Under La.R.S. 9:2800.6, “ ‘[cjonstructive notice’ means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.”
The accident happened at about 6:15 p.m. when Mrs. Domangue and her husband were shopping for shoes for their son. As she passed the jewelry department, she slipped on what was later determined to be Armor-All. Janet Boudreaux, a Wal-Mart employee assigned to the jewelry department, testified that her shift started at 5 p.m. and that she had conducted a “zone defense,” a practice mandated by the store whereby employees are to check their displays, re-stock any items and check for any foreign substances on floors. She also said she had walked around the counter five to 10 minutes before Mrs. Domangue fell and did not notice the spill.
Dean Legg, the manager of the store, testified that employees are instructed to be on the “look out” for substances on the floor and are also required to conduct “zone defenses” at 11 a.m., 8 p.m., and 7 p.m. and any other time they desire. Official floor sweeps are also done at these times. During a floor sweep an employee pushes a large dust mop down the aisles of the entire store. The process usually takes an hour, which means the sweep would have been completed at about 4 p.m. However, in the accident report the space next to the question, “List Time Swept,” was left blank.
Mrs. Boudreaux did not see the plaintiff fall. Mrs. Domangue had testified that she fell about five to eight feet away from the jewelry counter. When she examined the site after Mrs. Domangue fell, she saw a clear liquid substance that looked like it had been smeared. It was about the width of the rim of a glass. She later discovered a trail of drops leading to other departments.
Dorothy Benson, assistant manager of the store, said the Armor-All was difficult to detect because it_y¡was clear and the floor was off white and had a high sheen on it. Nevertheless, it is this Court’s opinion that the substance would have been detected ... had the store’s employees exercised reasonable care. It was not just one drop but a series of drops leading to other departments.
The Louisiana Supreme Court recently interpreted LSA-R.S. 9:2800.6 as revised in 1990, in Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La. 5/22/95); 655 So.2d 309, a case in which proof of constructive knowledge was necessary because actual knowledge was not a fact. Holding that the statute provides the slip and fall plaintiff must present proof that the defendant store had constructive notice of the' hazardous substance on the floor, the court stated constructive notice can be proved by a showing that the condition existed for such a period of time that it would have been discovered if the store had exercised reasonable care. The court held that the jury’s verdict for the plaintiff was an implicit conclusion that the defendant store had constructive notice of cooking oil on the floor.
The instant case is factually similar to Welch. Mrs. Domangue’s fall was caused by a clear liquid that blended in with the shiny surface of the floor in the Wal-Mart store. The trial court found that the substance on the floor would have been detected had the store’s employees exercised reasonable care. Thus, the trial court concluded plaintiff proved constructive notice.
On appeal, defendant urges three errors,[3] any of which would require our finding that the trial court was manifestly erroneous. In Welch, 94-2331 at 14, 655 So.2d at 316, the Louisiana Supreme Court reiterated the appropriate standard of appellate review, as follows:
In Stobart [v. State of Louisiana Through Dept. of Transportation and Development, 617 So.2d 880 (La.1993) ] we instructed that reasonable evaluations of credibility *781 and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony or the Ufacts. See Rosell v. Esco [sic], 549 So.2d 840 (La.1989). This is not to say that a trial court’s factual determination cannot ever be reversed, and in Ambrose v. New Orleans Police Dept. Amb. Serv., 93-3099 (La. 7/5/94) 639 So.2d 216, we clarified that the court of appeal has a constitutional duty to review facts and to determine if the facts support the trial court judgment. However, even if the court of appeal would have decided differently had it been the original trier of fact, the trial court’s judgment should be affirmed unless it is clearly wrong or manifestly erroneous.
With the proper' standard of review in mind, we have examined the record in the instant ease and cannot say that the trial court committed manifest error in any of the three conclusions assailed by the appellant.
First, the conclusion that the defendant store had constructive notice of the slippery liquid on the floor can be inferred reasonably from the evidence presented. The trial court found that the clear liquid substance at the site where Mrs. Domangue fell, between five to eight feet away from the jewelry counter, looked as though it had been smeared. The appearance of the substance was described by Ms. Boudreaux, the Wal-Mart employee who examined the site. The trial court also noted that there was a series of drops leading to other departments. Ms. Boudreaux testified that she inspected as many as 10 other spots and some of them were smudged. From these facts, it is reasonable to infer that all of the spots were on the floor for a sufficient amount of time to allow other people, fortunately without incident, to walk over them and to smudge them.
Additionally, as the trial court noted, the manager testified that employees are required to perform “official floor sweeps” as well as to conduct “zone defenses.” The 3:00 p.m. floor sweep of the entire store would have been completed by 4:00 p.m., approximately two hours before Mrs. Domangue’s accident. However, the space on the accident report for “Time Swept” was left blank.
From the testimony concerning the cleanup procedures utilized — or not utilized — by Wal-Mart, the trial court reasonably could have inferred both sufficient time for constructive knowledge and lack of reasonable care.
1 sFinally, although the trial court did not specify that Wal-Mart’s actions or omissions were the proximate cause of plaintiffs injuries, that conclusion is implicit in the trial court’s reasons for judgment. Appellant’s assertion that the trial court erred in finding proximate cause is nothing more than a thinly disguised attack on the trial court’s credibility calls. Counsel for appellant argues that Ms. Boudreaux, who at the time of trial was a former Wal-Mart employee, testified that approximately five to 10 minutes before the plaintiffs fall, she inspected the area and did not see the spot on the floor that caused Mrs. Domangue to slip. Although Ms. Bou-dreaux’s testimony was unrefuted, the trial court reasonably could have concluded that she was mistaken about the time of her inspection or that she simply missed seeing and stepping on the small spot. Considering the lack of any written reports on clean-up procedures utilized by the defendant store and the presence of other smudged spots, we find it was not manifestly erroneous for the trial court to conclude that the spots were on the floor for more than five or 10 minutes.
We were reminded of the controlling principles of law by the Louisiana Supreme Court in Welch, 94-2331 at 16, 655 So.2d at 317:
The trier of fact may accept or reject any part of a witness’ testimony. Dominici v. Wal-Mart Stores, Inc., 606 So.2d 555 (La.App. 4th Cir.1992). The trier of fact may choose to reject all of the testimony of any witness or may believe and accept any part or parts of a witness’ testimony and refuse to accept any other part or parts thereof. LaHaye v. Allstate Ins. Co., 570 So.2d 460 (La.App. 3rd Cir.1990); Harrigan v. Freeman, 498 So.2d 58 (La.App. 1st Cir.1986).
Thus, the trial court could have rejected Ms. Boudreaux’s testimony concerning the absence of the spot 10 minutes prior to the accident and at the same time given credence *782 to her testimony concerning the other smudged spots. It was not manifest error for the trial court to conclude that the one spot on which Mrs. Domangue slipped was a proximate cause of her fall.
Accordingly, we affirm the trial court judgment in favor of the plaintiff, and we cast defendant for costs of this appeal.
AFFIRMED.

. Because the amount of damages is not contested on appeal, we omit the portion of the trial court’s reasons dealing with damages.

. The appellant asserts the trial court manifestly erred: 1) in finding that there was constructive notice on the defendant’s part; 2) in finding that the defendant failed to exercise reasonable care; 3) in finding that the negligence of defendant was the proximate cause of plaintiff's injuries.