I, SAUNDERS, Judge.
This matter arises from an involuntary dismissal wherein the trial judge found, at the close of the plaintiffs’ case and upon motion by the defendant, that the plaintiffs failed to show their right to relief. We reverse and remand.

FACTS

The accident occurred around 1:00 p.m. on January 24, 1995. Keith Eagleson, hereinafter “Defendant,” was operating a 1988 International Cabover with a fifty-three foot dry box (the largest dry box made) which was owned by his employer, Venture, Inc. Defendant’s Cabover was at a dead stop at the intersection of Clarence Drive and Lakeshore Drive in Lake Charles, Louisiana. From the right lane of Clarence Drive, Defendant proceeded through the intersection turning right onto Lakeshore Drive. Apparently, when Defendant negotiated this turn, a portion of his trailer went over the curb where Monte Glenn Pettifield, hereinafter “Plaintiff,” and his friend, Mr. Allen Sittig, were waiting to cross the street. Pamela Turney and Veronica DeRouen were in the vehicle stopped behind Defendant at the intersection. The two women observed portions of the accident, drove off to run an errand, then returned to the scene one and a half hours later to speak to Plaintiff and Mr. Sittig.
Plaintiff brought suit against Defendant, his employer and its insurer, Clarendon National Insurance Company, seeking recovery for injuries sustained when Defendant’s trailer ran over Plaintiffs foot. Trial was held on February 13, 1999. The matter was dismissed when, at the close of Plaintiffs case, Defendant moved to dismiss under La.Code Civ.P. art. 1672(B), arguing Plaintiff failed to prove his case. The trial judge granted Defendant’s motion by Judgment executed on October 25, 1999.

\pLAW AND ANALYSIS

A. Assignments op ERROR
Plaintiff presents several assignments of error in this matter, including two assignments asserting that adverse presumptions were improperly applied to Plaintiffs case, particularly: one based upon Plaintiffs brother’s destruction of the shoe Plaintiff *813 wore at the time of the accident, and another based on the failure of one of Plaintiffs witnesses to testify at trial. Plaintiff further claims that the trial judge’s errors led to an erroneous conclusion that Plaintiff did not prove his case by a preponderance of the evidence and that Defendants are not liable to Plaintiff.
B. Standard of Review
This court in Shafer v. State, Through State Dep’t of Transp. and Dev., 590 So.2d 639, 641 (La.App. 3 Cir.1991), provided the following:
In non-jury cases, the appropriate standard for the trial court’s determination of a motion to dismiss is whether the plaintiff has presented sufficient evidence on his case-in-chief to establish his claim by a preponderance of the evidence. In making its determination on such a motion, the trial court is not required to review the evidence in the light most favorable to the plaintiff as is done when a motion for directed verdict is filed in a jury case. The judge is only required to weigh and evaluate all of the evidence presented up to that point and grant a dismissal if the plaintiff has failed to establish his claim by a preponderance of the evidence. A dismissal based on La.C.C.P. art. 1672(B) should not be reversed in the absence of manifest error.
(Citations omitted.)
Nevertheless, the manifest error standard of review is not applicable when a reviewing court concludes that trial court committed an error of law which interdicted the fact finding process. When such an error of law has been made, the appellate court is to review the evidence de novo and apply the correct legal principles.
Hebert v. Southwest Louisiana Elec. Membership Corp., 95-405, p. 11 (La.App. 3 Cir. 12/27/95); 667 So.2d 1148, 1156, writ denied, 96-277 (La.5/17/96); 673 So.2d 607, writ denied, 96-0798 (La.5/17/96), 673 So.2d 608.
Legal Error and the Presumptions Applied pc.
1. The Shoe
Plaintiff argues that the trial judge committed legal error in applying an adverse presumption against him for his not being able to produce the shoe that he was wearing at the time of the incident. The trial judge discussed:
Mr. Pettifield said that the shoes he was wearing at the time were brand new and that the right shoe, not the left shoe, but just the right shoe was totally torn up because of this incident. And Lieutenant Hartnett specifically said that if the shoes had been damaged, — if that shoe had been damaged, he would have noted it in his report. It’s not in his report, so it was not damaged.
Mr Pettifield — of course knowing at this point, having consulted an attorney within an hour and a half of the time that this incident occurred apparently— probably knew that it was important to keep that shoe if it was such strong evidence of the incident, and the shoe was thrown away. Even though they couldn’t be worn anymore, he threw it away even though there was no other use for them except to preserve them as evidence.
In Edwards v. Daugherty, 97-1542 (La.App. 3 Cir.); 729 So.2d 1112, 1131, writ denied, 99-1393, 99-1434 (La.9/17/99); 747 So.2d 1105, we explained:
The failure of a litigant to produce evidence within his reach raises the presumption that the evidence would have been detrimental to his case. However, this presumption does not apply when a reasonable explanation exists for the failure to produce the evidence.
Plaintiffs explanation was that his brother threw away the shoes because they were not usable anymore. If the trial judge did apply an adverse presumption against Plaintiff for this failure to produce *814 the shoe, we find no error in this. Whether this explanation reasonably explains the destroyed evidence is a factual determination, heavily dependent on Plaintiffs credibility, which the trial judge is in the best position to gauge. Rosell v. ESCO, 549 So.2d 840 (La.1989). Accordingly, we give due deference to the trial judge on this issue.
j42. The Absent MR. Sittig
Regarding the failure of Plaintiffs witness to appear in court, the trial judge discussed the following:
There is also an absence of evidence and the adverse presumption that can be applied perfectly reasonably to the absence of Mr. Sittig here. Certainly he is the closest eyewitness. It would have been very important for the plaintiff to have him here. If his testimony had been useful, a bench warrant would have been issued for his arrest, I would assume, so that his presence could be obtained here in court.
The first circuit discussed in Hamgan v. Freeman, 498 So.2d 58, 61 (La.App. 1 Cir.1986), the proper use of such an adverse presumption, to wit:
The failure of a party to call a witness, who possesses knowledge of facts pertinent to the case and whose absence is not satisfactorily explained, results in an inference that the witness’s testimony would be adverse. Succession of Lyons, 452 So.2d 1161 (La.1984); Howard v. Housing Authority of New Orleans, 457 So.2d 834 (La.App. 1st Cir.1984). However, this rule must be tempered by the proposition that a party to a lawsuit needs only to prove his case. If he does so by calling one or more witnesses to testify concerning an issue, he should not be penalized because he fails to call still another witness on the subject. Sauve Heirs, Inc. v. Reynaud Construction Co., Inc., 441 So.2d 239 (La.App. 4th Cir.1983); Paul v. Ford Motor Company, 392 So.2d 704 (La.App. 3rd Cir.1980). And once a plaintiff has made out a prima facie case, the opposing party should not be allowed to take no action to produce a witness to a transaction and use that witness’s absence as mute refutation of the testimony of the witness who did testify.
This court has found where a witness is equally available to both sides, no adverse presumption attaches. Llorence v. Natchitoches Parish School Bd., 529 So.2d 479 (La.App. 3 Cir.), writ denied, 532 So.2d 176 (La.1988).
However, after reviewing the record and the trial judge’s explanation for ruling to dismiss this matter, we find legal error where the trial judge erroneously applied an adverse presumption against Plaintiff where one of Plaintiffs witnesses failed to appear in court. The absent witness, Mr. Sittig, was on Plaintiffs witness list and ■ had been issued a subpoena to appear in court. From the record, it appears that Mr. Sittig is vagrant with an indeterminate address; however, the record fails to reveal an ^inequity in the availability of Mr. Sittig, thereby refuting an adverse presumption resulting from his failure to appear. Moreover, the record does establish that it was Plaintiff who subpoenaed Mr. Sittig. We find the issuance of a subpoena upon the witness and the failure of the witness to appear in court and honor the subpoena is a reasonable explanation for the Plaintiffs failure to call the witness to testify, thus precluding the application of any adverse presumption.
As is discussed in Harrigan, 498 So.2d 58, Plaintiff need only prove his case. Plaintiff presented several witnesses in this matter. We find Plaintiff should not be penalized by his failure to present Mr. Sittig, and it was a prejudicial, legal error for the trial judge to do so. Evans v. Lungrin, 97-541, p. 7 (La.1998); 708 So.2d 731, 735.
When [ ] a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court is re *815 quired, if it can, to render judgment on’ the record by applying the correct law and determining the essential material facts de novo.
Lasha v. Olin Corp., 625 So.2d 1002, 1006 (La.1993).
Plaintiff urges this court to review this matter de novo upon our finding legal error. However, Lasha rule notwithstanding, the nature and posture of this case convinces us that this matter is more properly determined by the trial judge.

DECREE

We find legal error interdicted the fact-finding process, and we remand this matter to the court below for proceedings consistent with this opinion. Costs of appeal are to be borne equally between the parties.

REVERSED and REMANDED.

DOUCET, C.J., dissents and assigns written reasons.
DECUIR, J., dissents for the reasons assigned by DOUCET, C.J.