hDOUCET, C.J.,
Dissenting.
The majority herein proposes to reverse and remand, finding that the trial court erred in applying an adverse presumption to the Plaintiffs failure to call an eyewitness, Allen Sittig, and that the application of the presumption resulted in the improper dismissal of the Plaintiffs case.
I disagree. As stated in the case cited by the majority, Harrigan v. Freeman, 498 So.2d 58, 61 (La.App. 1 Cir.1986) (emphasis added) no adverse presumption may be applied “once a plaintiff has made out a prima facie case ...
In this case, however, an objective examination of the evidence shows that the Plaintiff did not make out a prima facie case. In support of its position, the majority states, that the Plaintiff presented several witnesses. The fact is, however, that none of those witnesses gave evidence supporting the Plaintiffs claim. The only evidence that the truck actually ran over the Plaintiffs foot was provided by his own self-serving testimony. While two witnesses testified that they saw the truck - jump the curb, they did not see it run over his foot. Although the Plaintiff alleges severe injury, the medical evidence of record shows that the Plaintiff did not seek medical treatment until a month after the accident, and then only after retaining legal counsel. The subsequent medical examinations show absolutely no objective sign of injury. Further, the majority seems to agree that the trial court could have applied an adverse presumption from the Plaintiffs failure to produce the shoe he was wearing at the time of the accident. Accordingly, we can presume that the shoe would have shown no evidence of having been run over by a truck. In light of the lack of evidence to support the Plaintiffs claim, the trial court correctly applied an adverse inference 12from the Plaintiffs failure to call Sittig, the only remaining witness who could have supported his claim.
The trial court should note that even if the inference had been applied incorrectly, the appropriate remedy is to examine the evidence de novo. See Evans v. Lungrin, 97-0541 (La.1998); 708 So.2d 731. It is not appropriate to apply a presumption in favor of the Plaintiff that any evidence given by the missing witness would support the Plaintiffs claim. Even when relieved of the adverse presumption, the Plaintiff has the burden of proof in this case. As shown by the evidence of record, the Plaintiff did not carry that burden. Therefore, the trial court was correct in dismissing Plaintiffs claims and may correctly do so on remand.
Therefore, I respectfully dissent from the majority herein and would affirm the trial court’s dismissal of the Plaintiffs case.